UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DENISE AGOSTINO, et al.,

    Plaintiffs,

  v.

QUEST DIAGNOSTICS INC., et al.,

    Defendants.

Civ. No. 04-4362 (SRC)

OPINION

**CHESLER**, District Judge

    This matter comes before the Court on motion for summary judgment filed by Defendant Credit Collection Services ("CCS") (docket item #187). Plaintiff opposes this request (docket item #203). The Court has considered the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion for summary judgment (docket item # 187) will be granted.

**I. FACTS**

    In this case, Plaintiffs are challenging Quest's billing procedures. Quest is the nation's leading provider of diagnostic and clinical testing. Quest performs these diagnostic and clinical testing services upon the orders of physicians, physicians assistants, and registered nurses. (Declaration of Dr. Hugh Long, ("Long Dec.") at 9.) Specimens are either obtained by physicians and sent to Quest for testing, or the patient is sent "'to a Quest Diagnostic Patient Service Center with an order to have the specimen drawn.'" (Declaration of Thomas McGuire ("McGuire Dec.") at 31, ¶ 38) (quoting "Assurance of Discontinuance," issued in In re Quest

Diagnostics, Inc., Attorney General of the State of New York, June 13, 2002 ("AOD")). Physicians order the tests in writing, using either Quest's test requisition form, or the physician's prescription pad. (Id.) If the patient goes to a Quest Service Center, Quest obtains the patient's personal and billing information directly from the patient. Plaintiffs' claims challenge the billing practices of Quest and the Debt Collection Defendants as improper and unconscionable.

Only one of the named Plaintiffs, Mark Smaller, asserts claims against CCS. Plaintiff was the policyholder in 1998 for health insurance provided by BlueCross BlueShield of Vermont, which covered himself, his wife, daughter and son. The plan covered dependent children until the age of 22. (Smaller Tr. at 25; Ex. 1) On May 14, 1998, Plaintiff's daughter (over the age of 18) was charged $43.38 for a visit to her physician. (PLF 1952 Ex. 2) Quest eventually referred the account to CCS for debt collection. CCS then commenced dunning, or collection, immediately. In response to the first collection letter, Plaintiff paid the monies owed. However, asserting that it was unaware of the payment, CCS sent two more collection letters to Plaintiff's daughter. In response to these demands, Plaintiff's wife informed CCS that full payment had been made. (Shapiro Tr. at 204) Despite such notification, yet another collection letter was sent to Plaintiff's daughter. After continued confusion and attempts at demonstrating payment, Plaintiff complained to the Vermont Attorney General. (Smaller Tr. at 42-45)

Plaintiff asserted that CCS violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Section 1961, et seq., Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1962, et seq., Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, et seq., the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. Section 56:8-1, *et seq.*, similar consumer protection laws of other states, breach of contract,

common law fraud and unjust enrichment. Specifically, Plaintiff has alleged that "CCS is regularly retained by Quest . . . [and] reasonably should know, that many of the so called debts claimed by CCS and Quest to be owed by consumers to Quest are not owed. Nevertheless, CCS engages in unfair, deceptive, fraudulent and unconscionable methods, acts and practices to collect or attempt to collect, these unearned and non-existent debts." (Am. Compl. At 35) On October 6, 2005 this Court granted in part and denied in part the motion to dismiss filed by Defendant CCS. In that Opinion, Judge Lifland held:

> Based upon the pleadings, Plaintiff Smaller has suffered an injury-in-fact because he alleges that he was doubled billed and falsely billed by Defendant CCS. The cause for Plaintiff Smaller's injury were the actions by CCS in directing more than one bill to Plaintiff Smaller and Plaintiff can be made whole again through money damages. For that reason, CCS's argument that Mark Smaller does not have standing must fail. Agostino v. Quest Diagnostics, Inc., Memorandum and Order (D.N.J. Oct. 6, 2005) (Docket item #49 at 16).

After years of discovery, CCS now asserts, among others, that Plaintiff has suffered no injury in-fact and does not have standing to assert the remaining causes of action. Plaintiff asserts that the motion of CCS challenging Plaintiff Smaller's claims under the Vermont or New Jersey Consumer Fraud Acts and RICO must be denied.[1]

---

[1] Defendant is correct that Plaintiff has failed to oppose, and thereby waived, the contract based claims: breach of contract (Count VI), common law fraud (Count VIII) and unjust enrichment (Count VII).

## III. DISCUSSION

### A. Summary Judgment Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48. Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied,

507 U.S. 912 (1993)).

**B.  General Requirements for Standing**

To have standing, a party must satisfy the constitutional requirements of Article III, which limit the Court's jurisdiction, as well as the prudential requirements, which limit the Court's exercise of Article III jurisdiction.  Franchise Tax Bd. of Calif. v. Alcan Aluminum Ltd., 493 U.S. 331, 335 (1990).  Constitutional standing requires, among other things, that the plaintiff have sustained an injury-in-fact.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96-97 (1998); Interfaith Cmty. Org. v. Honeywell Int'l, 399 F.3d 248, 254 (3d Cir. 2005).  The Supreme Court has stressed that injury-in-fact requires not only an invasion of a cognizable legal interest but also that the injury have "affect[ed] the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 n.1, 563 (1992).  Moreover, in addition to the constitutional limitations of federal court jurisdiction, standing also involves prudential limitations on the exercise of its jurisdiction.  As a matter of prudence, a court will not exercise its jurisdiction under Article III unless the plaintiff asserts his own rights as opposed to those of some third party.  Warth v. Seldin, 422 U.S. 490, 498 (1975)

A plaintiff seeking redress in federal court bears the burden of establishing it has standing to sue.  Lujan, 504 U.S. at 561; Warth, 422 U.S. at 508.  When Judge Lifland ruled on the issue of standing at the motion to dismiss stage, Plaintiff sufficiently demonstrated he had standing based upon the Complaint's factual allegations  Lujan, 504 U.S. at 561.  Where, as here, standing is challenged at the summary judgment stage, "plaintiff . . . must set forth by affidavit or other *evidence* specific facts . . . which for purposes of the summary judgment motion will be taken to be true."  Id. (emphasis added).  Such evidence may consist of  "affidavits, letters, and other

documentary evidence." Id. Here, the evidence demonstrates that Plaintiff has not suffered the requisite injury-in-fact to confer standing.

The record demonstrates that it was Plaintiff's daughter, Lisa Smaller, not Plaintiff, who owed the money and was billed for the monies owed. (See Exhibit "D", pp. 55,65, 87-88) Additionally, Plaintiff admits that neither he nor his daughter paid any amount of money over the owed debt. (Id. at 51, 54) Relatedly, Plaintiff admits that his credit score, rating, and report were not adversely affected by any of CCS' collection procedures. (See Exhibit "A", 51-54) Consequently, the record has disproved the initial finding that the "cause for Plaintiff Smaller's injury were the actions by CCS in directing more than one bill to Plaintiff Smaller and Plaintiff can be whole again through money damages." Not a single bill was directed toward Plaintiff. Nor, was any over payment made by Plaintiff.

Plaintiff asserts that, even if the violations were not committed against him, the case law recognizes Plaintiff's right to bring actions committed against his insured dependents. The fact that Plaintiff elected to take on an obligation of his daughter, due to his daughter's status as a dependent (not minor), does not necessarily mean that Plaintiff has standing. Plaintiff's reliance on various case law is misplaced. See, e.g., Belmont Holdings Corp. v. Unicare Life & Health Ins. Co., 2000 U.S. Dist LEXIS 5425, *10 (E.D. Pa. April 27, 2000) (beneficiary has standing to bring an action against an insurer for the bad faith denial of claims); Prudential Ins. Co. of Am. v. Doe, 76 F.3d 206 (8th Cir. 1996) (appellee (whose minor daughter was denied payments) had standing to bring an ERISA claim because appellee, who had been designated to receive benefits by the terms of the plan, had been a beneficiary of an ERISA plan). As these cases suggest, parents may have standing to pursue insurance claims as beneficiaries. The case at bar, however,

is about balance billing and does not concern an insured minor or an individual trying to enforce his or her rights as a beneficiary. Plaintiff has suffered no direct, or derivative, injury-in-fact sufficient to confer standing. All claims are dismissed due to lack of standing.

### IV. CONCLUSION

For the foregoing reasons, the motion of for summary judgment filed by Defendant CCS (docket item #187) will be granted. An appropriate form of Order will be filed together with this Opinion.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

DATED: July 7, 2010