<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE AGOSTINO, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> QUEST DIAGNOSTICS, INC., et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action No. 04-4362 (SRC) <br><br> OPINION |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on motion for summary judgment by Plaintiff Denise Cassese ("Plaintiff") [docket entry 269] pursuant to Federal Rule of Civil Procedure 56(a). Defendant Quest Diagnostics Incorporated ("Defendant" or "Quest") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Plaintiff's motion for summary judgment will be denied.

**I. BACKGROUND**

  Plaintiff, who is insured by Medicare, including Medicare Part B, initiated this lawsuit after she was sent at least two bills by Defendant, demanding payment of $116.95 for laboratory testing performed on October 2, 2003. According to Plaintiff, because Quest is a Medicare provider, it was precluded from billing her and was required to accept Medicare's payment as full payment for her October 2, 2003 date of service. Plaintiff avers that because of Defendant's

improper billing, she was forced to repeatedly provide Quest with her Medicare coverage information by mail and/or telephone, at her own expense, in order to convince Defendant that she was wrongfully billed.  As a result, Plaintiff initiated this matter, claiming that Defendant's actions violated New York's Consumer Protection Act.  In addition, Plaintiff seeks entry of injunctive relief, enjoining Defendant from billing individuals insured by New York Medicare Part B.

II.     LEGAL ANALYSIS

    A.     **Standard of Review**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury

could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Exp ress, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

**B.   Discussion**

Plaintiff claims that Defendant violated New York's Consumer Protection Act, N.Y. Gen. Bus. L. § 349(a)-(h), when it billed her, a Medicare Part B insured, for laboratory tests performed on October 2, 2003. To establish a prima facie case for a Section 349 claim, a plaintiff must prove three elements: (1) the challenged act or practice was directed at a consumer, (2) the defendant's act was deceptive in a material way, and (3) the plaintiff suffered actual injury as a result of the defendants's act. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25-26 (1995). In its opposition, Defendant asserts that Plaintiff has failed to establish the third requisite prong since she has not presented any evidence of actual injury.[1]

To prove a Section 349 claim, a plaintiff must show that she suffered "actual injury as a

---

[1] Defendant does not dispute that the second element of the Section 349 claim has been established. The New York Court of Appeals has held that, under Section 349, deceptive acts and practices encompass those representations or omissions "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego*, 85 N.Y.2d at 26. However, a deceptive practice need not reach the level of common-law fraud to be actionable under Section 349. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). Similarly, reliance is not an element of the claim. *Id.* It is undisputed that Plaintiff was not required to pay Quest for her October 2, 2003 date of service. Further, any reasonable consumer would have interpreted Quest's billings as demands on Plaintiff for payment. As such, Defendant's act of billing Plaintiff for something that she did not need to pay for was deceptive and material.
    Defendant does, however, contend that Plaintiff has failed to show that its conduct had a broad impact on consumers at large, a requirement to satisfy the consumer-orientation prong of a Section 349 claim. Courts have held that claims meet the consumer-orientation requirement of the statute if "some harm to the public at large is at issue." *Kurschner v. Mass. Cas. Ins. Co.*, No. 08-0011, 2009 U.S. Dist. LEXIS 16623 at *12 (E.D.N.Y. Mar. 3, 2009). The plaintiff need not establish that the defendant engaged in recurring conduct with respect to either a single customer or multiple consumers; rather, the plaintiff must demonstrate that the acts or practices complained of "have a broader impact on consumers at large." *Oswego*, 85 N.Y.2d at 25. The Court declines to render judgment on whether Defendant's actions were consumer-oriented since Plaintiff's Section 349 claim fails based on her failure to prove actual injury.

result of the defendant's acts." *See Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 599 (N.Y. App. Div. 2002). The "actual injury" requirement can be satisfied by a showing of either pecuniary or non-pecuniary harm. *See Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (holding that although plaintiffs must allege that the deceptive acts caused an actual injury, they need not allege any pecuniary harm); *see also Charrons v. Pinnacle Group NY LLC*, 269 F.R.D. 221, 233 (S.D.N.Y. 2010). It is undisputed that Plaintiff did not make any payment to Defendant in response to the bills she received for her October 2, 2003 date of service. Instead, Plaintiff claims her actual injuries consist of the out-of-pocket costs she incurred when providing Defendant with her insurance information and the emotional distress she suffered due to Quest's repetitive demands for payment.

Plaintiff asserts that she suffered pecuniary injuries when she was forced to provide Defendants with her Medicare insurance information. As evidence of her injuries, Plaintiff points to Quest's billing software - which indicates that she "sent" Medicare insurance information and that her insurance information was "received" - and speculates that Quest's receipt of her insurance information means that she must have paid to provide it by mail or phone. However, Defendant's mere receipt of the information does not prove, in and of itself, that Plaintiff incurred any costs since Plaintiff could have called a toll-free number or used a postage-prepaid envelope. At the summary judgment stage, as the moving party with the burden of proof at trial, Plaintiff is required to submit enough evidence to show, on every essential element of her case, that no reasonable jury could find for Defendant. *See In re Bressman*, 327 F.3d at 238. To satisfy this burden Plaintiff could have either provided a telephone bill indicating a charge for calling Defendant, or she could have testified that she made a toll call to

Quest or affixed a postage stamp on a letter she sent to it.  Instead, Plaintiff assumes that she bore the cost of providing Quest with her insurance information and such an assumption does not satisfy her burden at summary judgment.

Plaintiff additionally claims that she satisfies the actual injury element because she suffered non-pecuniary harms.  In her motion, Plaintiff cites to *Wood v. Capital One Srvcs.*, 718 F. Supp. 2d 286, 292 (N.D.N.Y.), for its holding that "humiliation, anger, anxiety, emotion distress, fear, frustration and embarrassment" are injuries recognized under Section 349, and avers that she endured "annoyance, harassment, time, frustration, anger and anxiety" resulting from her "efforts [] to stop Quest's deceptive billing."  (Pl.'s Summ J. Mot. at 14.)  However, the only evidence that Plaintiff offers in support of her claim of these injuries is her deposition testimony in which she stated that Quest "kept billing" her and that she was "harassed and billed." (Tusa Decl., Ex. A, 28:9-17, 71:1-4.)  However, being "billed and harassed" does not amount to the kinds of harms held to be compensable under *Wood*.  As such, Plaintiff has failed to meet her burden at summary judgment since she has failed to provide proof of pecuniary or non-pecuniary harm.  Therefore, summary judgment on Plaintiff's Section 349 claim will be denied.

In addition, Plaintiff contends that Defendant should be enjoined under Section 349 from billing New York Medicare Part B insureds.  Under Section 349, "any person *who has been injured* by reason of any violation of [the statute] may bring an action in his own name to enjoin such unlawful act or practice . . . ."  N.Y. Gen. Bus. L. § 349(h) (emphasis added); *see also Private One of NY, LLC v. Golden Touch Transp., Inc.*, No. 31691/10, 2011 NY Slip Op at *30 (N.Y. Sup. Ct. May 3, 2011) ("since plaintiff cannot show that it suffered injury as a result of

6

defendant's allegedly deceptive act, it cannot state a claim under General Business Law § 349, and it is not entitled to injunctive relief"). However, as discussed above, Plaintiff has not demonstrated under the summary judgment standard that she suffered any injury. Therefore, Plaintiff has not demonstrated that she has standing to bring a claim for injunctive relief under Section 349 and her motion for summary judgment on this claim will be denied.

### III.   CONCLUSION

For the foregoing reasons, this Court will deny Plaintiff's motion for summary judgment. An appropriate form of order will be filed together with this Opinion.

                                                             s/Stanley R. Chesler
                                                     STANLEY R. CHESLER
                                                   United States District Judge

DATED: October 6, 2011