**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE AGOSTINO, et al., :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>QUEST DIAGNOSTICS, INC., et al., :<br>:<br>Defendants. :<br>:<br>: | **Civil Action No. 04-4362 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court upon Defendants Quest Diagnostics Incorporated's, Credit Bureau Central's, and Quantum Collections' (collectively, "Defendants") motion to dismiss Plaintiffs Richard and Janet Grandalski's ("Plaintiffs") claims for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) [docket entry 293]. Plaintiffs have opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Defendants' motion.

I. **BACKGROUND**

Plaintiffs initiated this lawsuit after they paid four $10 collection fees which they allege they were wrongfully charged by Defendants. As a result of those payments, Plaintiffs assert the following six causes of action against Defendants: violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of the Fair Debt Practices Act ("FDCPA"),

violation of the Nevada Deceptive Trade Practices Act ("NCPA"), breach of contract, unjust enrichment, and common law fraud. Plaintiffs additionally seek entry of injunctive relief, prohibiting Defendants from further employing their billing practices.

On May 27, 2011, Defendants served Plaintiffs a Rule 68 Offer of Judgment, offering $40,000 as "a lump sum encompassing all relief requested in the Complaint and to which Plaintiffs, if successful on their claims, would be entitled. Such amount [was] intended to cover any and all conceivable monetary amounts to which Plaintiffs would be entitled if successful on their claims, including any costs and attorneys' fees." (Offer of J.at 2.) Further, Defendants offered to allow an injunction to be entered, enjoining them from billing or seeking to collect from Plaintiffs amounts in excess of the stated patient responsibility on their EOBs and ERAs. On June 10, 2011 Plaintiffs' counsel sent a letter rejecting Defendants' offer.

Defendants now move to dismiss Plaintiffs' claims for lack of subject matter jurisdiction.

## II.    LEGAL ANALYSIS

This motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Defendants do not challenge subject matter jurisdiction based on the face of the pleading, meaning that based on the claims pled and parties named, this Court lacks jurisdiction as Plaintiffs assert. Quite apart from the pleading, Defendants challenge the existence of subject matter jurisdiction in fact, based on their Offer of Judgment to Plaintiffs. *See, e.g., Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) (drawing distinction between facial and factual attack on subject matter jurisdiction under Rule 12(b)(1)). In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to

decide factual matters related to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2002). The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1). *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

Defendants contend that because their Offer of Judgment offered Plaintiffs complete relief on their claims, there is no longer any case or controversy for this Court to adjudicate, resulting in this Court's lack of subject matter jurisdiction. Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). When the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). An offer of complete relief will generally moot a plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). Plaintiffs here do not dispute that courts have routinely dismissed cases where a plaintiff has rejected an offer of complete relief. *See, e.g., Lusardi v. Xerox Corp.*, 975 F.2d 964, 974-75 (3d Cir. 1992); *Goodman v. People's Bank*, 209 Fed. Appx. 111, 115 (3d Cir. 2006); *Lorenzo v. Palisades Collection, LLC*, 05-0886, 2006 U.S. Dist. LEXIS 17212 at *9 (D.N.J. Apr. 5, 2006). Instead, Plaintiffs challenge Defendants' contention that their Offer of Judgment includes everything which Plaintiffs would be entitled to if they prevailed on the merits of their claims. Therefore, the issue before the Court is whether Defendants offered Plaintiffs such complete relief that there is no longer a case or controversy among them.

Plaintiffs concede that their individual claims are small and that $2,040 would cover their damages.[1] However, Plaintiffs contend that the remaining $37,960 is far less than their full statutory entitlement to attorneys' fees under the FDCPA, 15 U.S.C. § 1692k(a)(3); RICO, 18 U.S.C. § 1964(c); and NCPA, Nev. Stat. Ann. § 41.600(3)(b). Under these three fee-shifting statutes, an award of attorney's fees is mandated. *See Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991) ("Given the structure of [Section 1692k(a)], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act **mandates** an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."); *Genty v. RTC*, 937 F.2d 899, 914 (3d Cir. 1991) ("The plain language of [RICO] instructs that injured persons **"shall recover"** treble damages and costs and attorneys fees."); Nev. Stat. Ann. § 41.600(3)(b) ("If the claimant is the prevailing party, the court **shall award** the claimant: (a) [damages]; and (b) The claimant's costs in the action and reasonable attorney's fees.") (emphasis added). As such, because these statutes compel an award of reasonable attorney's fees, an offer of judgment will only moot a case when the offer includes uncapped attorney's fees to be determined by the court. *See Weissman v. ABC Fin. Servs. Inc.*, 203 F.R.D. 81, 83 (E.D.N.Y. 2001); *Zevgolis v. Greenberg Law Firm, P.C.*, 2011 U.S. Dist. LEXIS 50963 at *11 (E.D. Va. May 12, 2011); *Streeter v. Office of Douglas R. Burgess, LLC*, No. 07-0097, 2008 U.S. Dist. LEXIS 13268 at *6 (M.D. Ala. Feb. 21, 2008); *McKenna v. Nat'l Action Fin. Srvcs.*, No. 07-60889, 2008 U.S. Dist. LEXIS 45515 at *2 (S.D. Fla. June 10, 2008); *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 88 (E.D.N.Y. 2001). An "offer of judgment

---

[1] Plaintiffs allege that they collectively sustained $40 in actual damages as a result of their four payments of a $10 collection fee. In addition, Plaintiffs claim that they are each entitled to $1,000 in statutory damages for their FDCPA claim.

which [does] cap [attorney's] fees, [does] not offer the maximum amount the plaintiff could recover under the statute[s]." *Weissman*, 203 F.R.D. at 83; *see also Zevgolis*, 2011 U.S. Dist. LEXIS 50963 at *11 (holding that because the FDCPA limits plaintiff's attorney's fees only to the extent that they be "reasonable," in capping those fees in the offer of judgment, defendants did not offer plaintiff full relief); *McKenna*, 2008 U.S. Dist. LEXIS 45515 at *2 (motion to dismiss denied because the offer of judgment did not provide complete relief; attorney's fees were capped rather than reserving "the issue of fees [to] the sound discretion of the [c]ourt . . . ."); *Edge*, 203 F.R.D. at 88 (holding that because the attorney's fees and costs provided for by the FDCPA are integral to that statute, an offer of judgment that caps those costs and fees cannot represent more money than the plaintiff could receive under the statute).

In the present matter, Defendants aver that the Court need only consider whether Plaintiffs would have reasonably incurred more than $37,960 in attorneys' fees and costs in pursuit of their claims worth, at most, $2,040.[2] However, the disputed issue is not whether the fees are, or are not, "reasonable"; rather, the issue is whether Defendants' Offer of Judgment effectively limited the availability of attorneys' fees beyond the strictures of the FDCPA, RICO and NCPA. Because these statutes only limit attorney's fees to the extent that they be "reasonable," Defendants' Offer capping them at the set amount of $37,960 did not offer

---

[2] Defendants contend that Plaintiffs' costs and attorneys' fees should be modest given the maximum potential recovery of $2,040. However, such a contention is contrary to the very purpose of mandatory fee-shifting statutes. *See Dinizo v. Twp. of Scotch Plains*, No. 10-3285, 2011 U.S. App. LEXIS 6684 at *2-3 (3d Cir. Apr. 1, 2011) (affirming attorney fee-shifting award of $141,900 based on a judgment for plaintiff for $1,500, holding "'[r]easonable' does not mean 'proportionate': that [plaintiff] obtained a modest award of damages does not mean that the attorney's fee award must be commensurately modest."); *Graziano*, 950 F.2d 107 at 114 ("Indeed, several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted.").

Plaintiffs the "full relief" that they could have obtained had they prevailed at trial. Moreover, even if this Court were to consider the "reasonableness" of $37,960 to cover attorney's fees and costs, on this record it remains conceivable that, based on any of the three mandatory fee-shifting statutes, the Court could award Plaintiffs more than that amount. Accordingly, Plaintiffs still have a personal stake in the litigation, and the case, therefore, is not moot.

### III. CONCLUSION

For the foregoing reasons, this Court will deny Defendants' motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). An appropriate form of order will be filed together with this Opinion.

                                        s/Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge

DATED: October 6, 2011