UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GRANDALSKI, et al., | |
| Plaintiffs, | **Civil Action No. 04-4362 (SRC)** |
| v. | **OPINION** |
| QUEST DIAGNOSTICS, et al., | |
| Defendants. | |

CHESLER, District Judge

This matter comes before the Court upon the Report and Recommendation, filed September 20, 2013, concerning Plaintiffs' motion for an award of attorneys' fees [docket entry 378]. As the parties are aware, Plaintiffs Richard and Janet Grandalski ("Plaintiffs" or the "Grandalskis") won summary judgment on their individual claims for violation two statutes – the Nevada Consumer Fraud Act and of the Fair Debt Collection Act – both of which require attorneys' fees to be awarded to the prevailing party. Plaintiffs did not, however, succeed in their two attempts to certify a Rule 23 class and thus, though the Grandalskis themselves prevailed, they did not obtain relief on behalf of others in a representative capacity. Having obtained a total of $2,040 in damages on their claims, the Grandalskis moved for $722,344.74 in attorneys' fees, plus additional amounts in costs [docket entry 348]. In their motion, they maintained that their request was reduced from the total lodestar of $9 million in fees and almost half a million dollars in expenses and argued that the "modified lodestar" was in fact tailored to the time and effort spent litigating the three individual claims on which they prevailed. For the reasons discussed in the Court's June 20, 2012 Opinion, the court determined that it was appropriate to refer Plaintiffs' motion to a special master, pursuant to Federal Rule of Civil

1

Procedure 53, for a report and recommendation on a reasonable attorneys' fee award. It thereafter directed that Plaintiffs file a revised motion for an award of attorneys' fees and the reimbursement of costs, so that Plaintiffs could endeavor to identify the attorney time and expenses spent litigating the Grandalskis' three successful claims. (See July 22, 2012 Order, docket entry 371.) Plaintiffs' revised motion was filed on August 31, 2012 [docket entry 372].

John W. Bissell, appointed by the Court to serve as special master upon agreement by the parties, served his Report and Recommendation on the parties and submitted it to the Court for its review. As required by Rule 53(f), the Court thereafter issued an Order advising the parties of their opportunity to submit any responses and/or objections to the R&R. The set time period for submitting responses has expired. Plaintiffs have filed a letter stating that they will not challenge or move to modify the Report and Recommendation. Defendants have submitted no response to the Report and Recommendation. Accordingly, and pursuant to Rule 53(f), the Court now proceeds to review the Report and Recommendation and consider the appropriate action to take on the motion for attorneys' fees in light of the Special Master's findings and analysis.

Special Master Bissell performed a thorough evaluation of the billing records to determine the amount of time spent by the various attorneys involved in this action litigating the Grandalskis' successful claims. He recommended that the Court award fees corresponding to time entries isolating the Grandalskis' claims from others. The Court notes that the Special Master was careful to suggest that the Court disallow fees categorized by Plaintiffs as associated with "general litigation services," explaining that the evidence did not support a conclusion that those services were devoted to the Grandalskis' claims. With the exception of attorney Joseph Tusa's time spent preparing the Amended Complaint, which added the Grandalskis as Plaintiffs, Special Master Bissell rejected the use of a fractional approach to represent the estimated share

of attorney time spent on the Grandalskis as two of the many plaintiffs pursuing claims. In particular, he noted that Plaintiffs attempted to recover fees incurred for "general litigation services," applying a factor of 2/18 to time for legal services performed before April 11, 2011, when the Grandalskis were two of 18 plaintiffs, and a factor of 2/3 after 15 plaintiffs discontinued litigation upon settlement of their claims on April 11, 2011. Special Master Bissell observed that this approach failed to isolate services and time spent litigating the Grandalskis' claims and thus recommended that the Court award no fees for work categorized as general litigation services. The Special Master also considered the motion insofar as it covered time spent on the fee petition itself and recommended an award for work demonstrated by supporting documents to be related to the motion for attorneys' fees. He performed a similarly detailed review of the costs and expenses sought in the application, recommending reimbursement only of those amounts solely attributable to the Grandalskis' claims and reimbursement of a sum collectively sought by all of Plaintiffs' attorneys as having been disbursed from their "litigation fund," which he concluded were disbursements made at a time when it would they would be reasonable and necessary to pursue the Grandalskis' individual claims.

The Court further notes that, in addition to his careful review and analysis of compensable time, Special Master Bissell addressed the reasonableness of the hourly rate to be applied to the attorney work time, taking into consideration evidence relating to the geographical market for prosecution of the Grandalskis' claims, the respective attorneys' experience and their actual billing rates. He found particularly persuasive a recent opinion by District Judge Bumb concluding that reasonable rates in the Southern New Jersey market, where the office of Plaintiffs' local counsel is headquartered, range from $150 an hour for a junior associate to $400 an hour for a senior partner. The Special Master concluded that based on the evidence, it would

3

be reasonable for the Court to apply differentiated rates within that range and calculated his recommended fee awards based on those rates, as set forth in the Report and Recommendation.

Notwithstanding the absence of any objections to the Report and Recommendation, this Court has reviewed its findings and conclusions under a *de novo* standard, pursuant to Rule 53(f)(3) & (4). It agrees with the Special Master's approach of carefully distinguishing general litigation efforts made in what was once an 18-plaintiff putative class action from the legal work related to prosecuting the claims on which the Grandalskis won summary judgment. The Court finds that the recommended award of a combined $157,968.50 in fees and $11,399.13 in expenses, as broken down by law firm on page 22 of the Report and Recommendation, is reasonable. This award, while significantly less than the amount sought by Plaintiffs, comprises only the fees and expenses Plaintiffs demonstrated were associated with developing the prevailing claims and preparing the instant fee petition. At the same time, the award is a generous sum in light of the damages award obtained by the Grandalskis on their claims, which reflects the fact that, in large part, the litigation of the three successful claims was undertaken as part of a putative class action requiring significant legal resources. The Report and Recommendation takes into consideration the complex history of this case, including motion practice, discovery and the rejected offer of judgment made by Defendants, which the Special Master properly concluded did not needlessly multiply proceedings or preclude Plaintiffs from recovering fees for work expended after the offer was rejected.

For these reasons, the Court will adopt the Special Master's Report and Recommendation as the Opinion of this Court on Plaintiffs' motion for attorneys' fees and award Plaintiffs fees and expenses as allocated by the Special Master according to the law firm by which they were incurred. Because the award is less than the amount sought by Plaintiffs in their motion, the motion for attorneys' fees and costs will be granted in part and denied in part. An appropriate Order will be entered.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

Dated: October 2, 2013