UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GRANDALSKI, JANET GRANDALSKI and DENISE CASSESE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS INC., RETRIEVAL MASTERS CREDIT BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY, CREDIT COLLECTION SERVICES, CREDIT BUREAU CENTRAL, QUANTUM COLLECTIONS and Does 1 to 50,<br><br>Defendants. | Civil Action No. 04-CV-4362 (SRC-MAS) |

## [~~PROPOSED~~] AMENDED FINAL JUDGMENT

This action came to hearing before the Court on defendants' motions to dismiss, plaintiffs' motions for class certification and the parties' cross-motions for summary judgment. The issues have been heard and decisions and orders were entered by this Court on October 5, 2005 (Dkt. No. 49), February 11, 2009 (Dkt. No. 183), July 7, 2010 (Dkt. Nos. 216, 217), December 22, 2010 (Dkt. No. 239), October 6, 2011 (Dkt. Nos. 331, 332) and on November 3, 2011 (Dkt. Nos. 333, 334). All claims asserted in the operative First Amended Complaint have now been resolved, and as a result,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. On July 7, 2007, this Court granted a motion for summary judgment filed by defendant Credit Collection Services, for the reasons set forth in Dkt. Nos. 216 and 217.

2. The claims of fifteen plaintiffs named in the operative First Amended Class Action Complaint have been settled and the Court entered an Agreed Order dismissing all the

claims of those fifteen plaintiffs with prejudice and without costs (Dkt. Nos. 340, 341).

3. On May 26, 2011, the remaining plaintiffs, Richard Grandalski, Janet Grandalski and Denise Cassese executed a Notice and Stipulation of Voluntary Dismissal of all claims alleged in this action against defendant debt collectors Russell Collection Agency, Inc. and Seattle Service Bureau, Inc. (Dkt. No. 284). This Court so-ordered that Notice and Stipulation of Voluntary Dismissal on May 31, 2011 (Dkt. No. 285).

4. On January 31, 2012, the remaining plaintiffs, Richard Grandalski, Janet Grandalski and Denise Cassese executed a Stipulation and [proposed] Order of Voluntary Dismissal of all claims alleged in this action against defendant debt collector Retrieval Masters Credit Bureau, Inc. d/b/a American Medical Collection Agency ("AMCA") (Dkt. No. 343-1).

5. As to plaintiff Denise Cassese, this Court granted the motions for summary judgment made by the remaining defendants Quest Diagnostics, Inc. ("QDI"), Quantum Collections, Inc. ("Quantum") and Credit Bureau Central ("CBC") (collectively the "Remaining Defendants") as to all claims asserted by plaintiff Denise Cassese. Dkt. No. 334. Judgment is therefore entered in favor of the Remaining Defendants and against Denise Cassese on all claims, for the reasons set forth in Dkts. 331, 333 and 334.

6. As to plaintiffs Janet Grandalski and Richard Grandalski (the "Grandalskis"), judgment is entered as set forth below:

(a) As to Count I, concerning the Grandalskis' claim under the Racketeer Influenced Corrupt Organizations Act, judgment is entered in favor of the Remaining Defendants and against the Grandalskis, for the reasons stated in Dkt. Nos 333 and 334;

(b) As to Count II, judgment is entered in favor of Janet Grandalski and against Quantum and CBC, jointly and severally, in the amount of $1,000.00, for the reasons

stated in Dkt. Nos. 333 and 334;

(c) As to Count II, concerning the Grandalskis' claim under the Fair Debt Collection Practices Act, judgment is entered in favor of Richard Grandalski and against Quantum and CBC, jointly and severally, in the amount of $1,000.00, for the reasons stated in Dkt. Nos. 333 and 334;

(d) As to Count II, judgment is entered in favor of QDI and against the Grandalskis, for the reasons set forth in Dkt. No. 49;

(e) As to Count III, the claim for violation of ERISA, the Grandalskis did not assert such a claim, and therefore this claim is moot;

(f) As to Count IV, concerning the Grandalskis' claim under the New Jersey Consumer Fraud Act, the Court has determined that the Grandalskis cannot assert a claim under the New Jersey Consumer Fraud Act, for the reasons stated in Dkt. Nos. 183, 239 and 333. As a result, as to Count IV, judgment is entered in favor of the Remaining Defendants and against the Grandalskis, for the reasons stated in in Dkt. Nos. 183, 239 and 333;

(g) As to Count V, concerning the Grandalskis' claim under the Nevada Consumer Fraud Act, judgment is entered in favor of the Grandalskis and against QDI, for the reasons set forth in Dkt. Nos. 333 and 334, in the amount of $40.00;

(h) As to Count V, judgment is entered in favor of the Defendants Quantum and CBC against the Grandalskis, for the reasons stated in Dkt. Nos. 333 and 334;

(i) As to Count VI, concerning the Grandalskis' claim for breach of contract, judgment is entered in favor of the Remaining Defendants and against the Grandalskis, for the reasons set forth in Dkt. Nos. 333 and 334;

(j) As to Count VII, concerning the Grandalskis' claim for unjust enrichment,

judgment is entered in favor of the Grandalskis and against the Remaining Defendants, for the reasons set forth in Dkt. Nos. 333 and 334. The Grandalskis have elected to recover against QDI on their claim asserted in Count V, and against Quantum and CBC on their claims asserted in Count II, rather than on their unjust enrichment claim, so no further monetary award is made to the Grandalskis based on Count VII.; and

(k)   As to Count VIII, concerning the Grandalski's claim for common law fraud, judgment is entered in favor of the Remaining Defendants and against the Grandalskis, for the reasons set forth in Dkt. Nos. 333 and 334.

7.   With regard to plaintiffs' Motion for An Award of Attorneys' Fees and Reimbursement of Costs, this Court has adopted (Dkt. Nos. 381, 382) the Report and Recommendation of Special Master John Bissell ("Report"), dated September 6, 2013 (Dkt. No. 378). The Court allowed the parties and their counsel until September 30, 2013 to file any objections to the Report pursuant to Rule 53(f)(2), and no party filed any objections. As a result, this Court's order adopting the Report is now final, and this Court awards Plaintiffs' counsel a total of $169,367.33 with that award allocated among the Plaintiffs' counsel firms, or their successors, in the amounts of attorneys' fees and expenses as set forth on page 22 of the Report. The petitioning Plaintiffs' counsel, by agreement, may choose to re-allocate among themselves the total award of attorneys' fees and expenses in any fashion without further application or approval from the Court or Defendants' counsel.

8.   All matters in the district court are now concluded. To the extent there are any unresolved motions that the parties have not brought to the Court's attention, all such motions are denied. The time to file any notice(s) of appeal shall run from entry of this Amended Final Judgment by the Clerk of this Court.

Judgment entered this 28 day of October, 2013

_____
Hon. Stanley Chesler